Gay H. Williams, Esq. Informal Opinion City Attorney No. 97-5 City of Oswego Oswego City Hall 23 West Oneida Street Oswego, N Y 13126
Dear Ms. Williams:
You have asked whether two members of the City of Oswego's city council should participate in certain matters which affect their employer, the Niagara Mohawk Power Corporation.
You have informed us that the Niagara Mohawk Power Corporation is the City of Oswego's largest employer and pays more than 70% of real property taxes levied in the city. Most of these taxes are levied on Niagara Mohawk's fossil fuel steam plant. Additionally, the city owns the High Dam Hydro Facility, which is operated by Niagara Mohawk under an operation and maintenance agreement. The electricity produced at this facility is sold to Niagara Mohawk through an existing power purchase agreement.
You indicate it is likely that matters will come before the common council that directly affect the city's relationship with Niagara Mohawk. You have asked whether it is proper for the two members of the city council employed by Niagara Mohawk to vote on these matters.
In addition to the above general inquiry, you have asked whether a conflict of interests would arise out of consideration by the council whether to establish a reserve fund to protect the city's interests in the High Dam Hydro Facility. In a subsequent letter, you raised another specific question. We can provide only broad guidance on these questions.
The city should first review its code of ethics to determine whether participation by the two members of the council in any particular matter is a violation of established ethics standards. Every local government is required to enact a code of ethics. General Municipal Law §806. Codes of ethics are required to include standards defining when private employment or other activity is in conflict with official duties. A code of ethics may provide for the prohibition of conduct in violation of ethics standards. Id.
Also, we note that local governments are authorized to establish a board of ethics, which may render advisory opinions concerning compliance by local officers and employees with standards established by the code of ethics. Id., § 808. In the event that a city does not have a board of ethics, questions may be brought before the county board of ethics, provided one has been established. Id.
Generally speaking, a specific provision of the General Municipal Law need not be violated in order to find an improper conflict of interests. Op Atty Gen (Inf) No. 86-54. The decisions of local boards and local officers have been set aside based upon judicial findings of conflicts.Id.We have emphasized that public officials should avoid circumstances that compromise their ability to make impartial judgments solely in the public interest. Op Atty Gen (Inf) Nos. 84-11, 84-58. Even the appearance of impropriety should be avoided in order to maintain public confidence in government. Id.
Beyond this general guidance, we cannot determine whether the facts and circumstances of the specific actions by the city as outlined in your letters create a conflict of interests for the two councilpersons. Nor is it appropriate for us to do so. Specific transactions of this nature should be brought before the local board of ethics which can determine all of the facts and circumstances and define the precise interests of the city and the power company. If necessary, you can establish a board to consider these matters. This determination is best left with local residents who can determine the facts as members of the ethics board. Where an officer or employee has any doubt concerning whether he or she has a conflict of interests requiring recusal, the matter should be brought before the board of ethics for a determination. In that many of these matters are questions of judgment, a body of individuals, namely the board of ethics, is the appropriate fact finder and provider of guidance.
The courts have found, under certain circumstances, that a local board member's employment with a private company can create a disqualifying conflict of interests. For example, a board member's employment with a firm likely to receive business if an application before the board is approved led to such a determination. Taxpayers' Association v. TownBoard, 69 A.D.2d 320 (2d Dept 1979). In Taxpayers' Association, a member of the town board was an officer of an advertising agency which was a strong contender to obtain advertising contracts from an applicant before the town board for approval of a planned residential unit. There are subtle but powerful psychological pressures that are placed on an employee in these situations. Op Atty Gen (Inf) No. 86-54.
 There is a possibility that his [or her] judgment, whether knowingly or subconsciously may be affected by these pressures. Id.
As an overall matter, we conclude that a member of a city council must avoid circumstances which compromise his or her ability to make decisions solely in the public interest. Therefore, if the interests of his or her employer are affected by matters before the council, recusal is the appropriate course of action.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE
Assistant Attorney General in Charge of Opinions